JANVIER, Judge.
Plaintiff, having purchased an automobile partly for cash and partly on time payments secured by chattel mortgage, and having made all of the payments which he says were contemplated in his agreement of sale, was called upon by the holder of the note to make a further payment of $540.00, which he says was not contemplated by the sale agreement and which he says was inserted in the note after its execution by him. Averring that he had made the additional payment under protest and in order *626 to avoid threatened execution, he brought this suit against the seller of the car and the holder of the chattel mortgage note, praying for solidary judgment against them in the sum of $500.00.
The seller of the car denied that there had been any alteration in or addition to the note, and the suit as against the alleged holder of the note was not pressed, and, at the trial, was dismissed.
There was judgment in favor of plaintiff, the purchaser of the car, and against the seller in the sum of $500.00, and the matter comes before us on suspensive appeal. It should be noted that although the allegations are that there was a loss of $540.00, plus additional interest, insurance and damages, the prayer was for $500,00 only.
On March 26, 1955, Albert B. Pierre, the purchaser, and Hendrick F. Schraut, who conducts his automobile sales partnership as New Orleans Auto Sales, entered into an agreement designated as a Bill of Sale, under which Schraut agreed to sell and Pierre agreed to buy a 1954 Ford automobile. This agreement provided that the cash price was $1,642.85; that $100.00 was paid by check on delivery, and that there was a trade allowance of $100.00, and that the unpaid balance amounted to $1,442.85. This document also provided that an additional $50.00 was being paid in cash, and “Balance including Finance and Insurance Charges to be paid in 23 payments of $60.00 each”, and it also provided that the notes and conditional sales contract were held by Allen Parker Co., which is the financing agent which purchased the note. The note, which was offered in evidence, shows that the total amount due is $1970.00; that the payments were to be made in one installment of $50.00, which was made, in 23 installments of $60.00 each, and “one final installment of $540.00, due Mar. 9, 1957.”
It is the contention of plaintiff that under the agreement, after the credit of $200, the total amount to be paid was $1,442.85, and that the provision for the final installment of $540.00 was inserted after he had executed the note and it had been delivered to the holder.
It is the contention of the defendant that the total amount due was $1970.00, which was made up of $1,442.58 shown as the unpaid balance on the car, plus financing charge and insurance premiums which are always required in purchases on time payments.
It must be noted that in either event there is an error in calculation amounting to $12.58, because if, as contended by plaintiff, the total amount was to be paid by one $50.00 installment and twenty-three $60.00 payments, the total payment would have been $1,430.00 and not $1,442.58.
It is shown that the plaintiff was thoroughly familiar with the method of financing time payments of this kind; that he had previously done business with the Allen Parker Company, the financing agency, and that he knew that there was a financing or interest charge and also insurance premiums, and that, therefore, since the total cash price of the car was $1,642.85, if plaintiff is correct, the time payment price, which always includes financing and an insurance charge, would have been even less than the cash price.
It is also shown that when the twenty-three consecutive payments required by the note had been made and plaintiff was called upon to pay the additional amount of $540.00, it was necessary for him to borrow this additional amount; that he borrowed it from the Allen Parker Company, and retired the original amount by making a new note, which was finally retired by him.
A careful review of the evidence convinces us that there is nothing whatever in the contention of the plaintiff; that he knew full well that the cash price would be augmented by the additional finance charge and insurance premium charge, and *627 that when he executed the note, it was exactly as it was when produced at the trial. In other words, we are convinced that plaintiff has not sustained any part of his contention and that the judgment in his favor was incorrect.
Accordingly, the judgment appealed from is annulled, avoided and reversed, and there is now judgment against plaintiff and in favor of defendant, Kendrick F. Schraut, doing business as New Orleans Auto Sales, dismissing plaintiff’s suit at his cost.
Reversed.